# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONNA COLLINS**                                              **CIVIL ACTION**

**VERSUS**

**RESIDENTIAL ACCEPTANCE**                                    **24-134-BAJ-RLB**
**CORPORATION AND VILLAGE**
**CAPITAL INVESTMENT LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 16, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

1

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONNA COLLINS**                                                **CIVIL ACTION**

**VERSUS**

**RESIDENTIAL ACCEPTANCE**                              **24-134-BAJ-RLB**
**CORPORATION AND VILLAGE**
**CAPITAL INVESTMENT LLC**

## **ORDER**

Before the Court is Village Capital Investment LLC's ("Village") Rule 12(b)(6) Motion to Dismiss and Residential Acceptance Corporation's ("Residential" or "RAC") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Rule 12(b)(1) Motion for Lack of Subject Matter Jurisdiction (the "Motions"). (R. Docs. 17, 18). Plaintiff has not filed any timely opposition to the motions.[1] The motions are therefore deemed unopposed.[2]

## I.    Background

On February 20, 2024, Plaintiff filed a complaint[3] against Village and Residential ("Defendants"), seeking $7,506,430.53 for their alleged (1) contract breach, (2) anti-predatory lending violations, (3) good faith guideline violations, (4) unjust enrichment, (5) Uniform Commercial Code ("UCC") violations, (6) unfair deceptive trade practices under the Federal Trade Commission Act ("FTC Act"), (7) holder in due course rule violation, (8) 15 U.S.C. § 1611 violation, (9) Federal Credit Reporting Act ("FCRA") violations, (10) defamation, (11)

---

[1] Local Rule 7(f) requires that any opposition shall be filed within 21 days of service of the motion.
[2] Although not filed within 21 days of the motions, Plaintiff did file certain additional exhibits which the Court has considered. (R. Docs. 19, 20 and 22).
[3] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, a *pro se* plaintiff is not exempt from "procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Courts therefore need not "create causes of actions . . . for *pro se* plaintiffs." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

Truth in Lending Act ("TILA") violations, (12) Fair Debt Collection Practices Act ("FDCPA") violations, (13) Louisiana Unfair Trade Practices Act ("LUTPA") violations, (14) fraud, (15) negligent misrepresentations, and (16) conversion. (R. Doc. 1).

Plaintiff alleges that when she purchased her home and entered into a mortgage contract (the "Mortgage") on December 7, 2022, she was given no TILA disclosures, no right to cancel notice, no cash advance, and no holder in due course notice. (R. Doc. 1). She also alleges Defendants did not perfect their interests in her property as there is no "active record of any non UCC central filing[.]"[4] (R. Doc. 1 at 12). Plaintiff asserts that she signed no contract with Village and that she was defamed when her credit score faltered after Village reported her information to a debt collector. (R. Doc. 1). She also urges that because the note (the "Note") does not specify "wh[ether] the ($) symbol . . . means ($) PESO or ($) US Dollar"[5] or whether the balance is "a Credit balance or a Debtor balance[,]" the finance charge is inaccurate. (R. Doc. 1 at 7, 8, 11).

## II.   Law and Analysis

### A.   Legal Standard

To survive a motion to dismiss, a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted). A claim is facially plausible if the facts pled allow a court to "draw the reasonable inference that the defendant is liable[.]" *Id*. "A pleading that offers labels[,] conclusions[,] or a formulaic recitation of the elements of a cause of action will not do." *Id*. Courts consider the entire complaint, incorporated documents, and "matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F. 3d 777, 783 (5th Cir. 2011) (citation

---

[4] This allegation is contradicted by the recordation documents that Plaintiff attaches to the Complaint. (R. Doc. 1-6 at 2, 5).

[5] This allegation is contradicted by the Note and the Mortgage which both explain that the amount due is in U.S. dollars. (R. Doc. 1-6 at 6).

omitted). Courts must accept all well-pled facts as true and draw all reasonable inferences in a

plaintiff's favor. *Lormand v. U.S. Unwired, Inc.*, 565 F. 3d 228, 232 (5th Cir. 2009).

### B.    Claims that are Inadequately Pled

#### i.    Breach of Contract

"Under Louisiana law, Plaintiff must prove three elements to succeed on a breach of

contract claim: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed

to perform the obligation; and (3) that the failure to perform the obligation resulted in damages to

Plaintiff." *Dickinson v. Pham,* No. CV 21-00434-BAJ-SDJ, 2023 WL 2525645, at *2 (M.D. La.

Mar. 15, 2023) (citation omitted). In pleading these elements, "a plaintiff must allege a breach of

a specific provision of the contract." *Barbe v. Ocwen Loan Servicing, LLC, et al*., 383 F. Supp.

3d 634, 643 (E.D. La. 2019) (quotations and citation omitted); *see McCoy v. SC Tiger Manor,

LLC,* No. CV 19-723-JWD-SDJ, 2022 WL 4492761, at *7 (M.D. La. Sept. 9, 2022), *report and

recommendation adopted,* No. CV 19-723-JWD-SDJ, 2022 WL 4490158 (M.D. La. Sept. 27,

2022) (quotations and citation omitted) ("It is black-letter law in Louisiana that a party asserting

a breach of contract must prove a breach of a specific contractual provision."). Plaintiff fails to

point to any Mortgage or Note provision that Defendants have breached. (R. Doc. 1). This Court

thus finds Plaintiff's breach of contract claim has been inadequately pled and may be dismissed.[6]

#### ii.    Anti-Predatory Lending Violations

Plaintiff appears to bring her claim of "Anti-Predatory Lending Violations" under Title

XIV of the Dodd-Frank Act, as it is often referred to as the Mortgage Reform and Anti-Predatory

Lending Act. 15 U.S.C.A. § 1601 (historical notes) ("Title XIV of the Dodd-Frank Wall Street

Reform and Consumer Protection Act, known as the Mortgage Reform and Anti-Predatory

---

[6] While Village argues Plaintiff is precluded from asserting a breach of contract claim because she defaulted on the Note and Mortgage, this Court cannot assess Plaintiff's potential default as it is not evident from the Complaint. (R. Docs. 1; 17-1 at 20).

Lending Act"). (R. Doc. 1 at 3). Plaintiff provides no argument for the existence of a private right of action under the Dodd-Frank Act and the Court finds none that applies. (R. Doc. 1). "With a few narrow exceptions, the Dodd-Frank Act does not provide for a private right of action by borrowers against lending institutions." *Abraham v. C/C PHH Mortg. Servs.,* No. 4:19-CV-4158, 2020 WL 826640, at \*2 (S.D. Tex. Jan. 29, 2020), *report and recommendation adopted,* No. 4:19-CV-4158, 2020 WL 824104 (S.D. Tex. Feb. 19, 2020) (citations omitted). Because Plaintiff has not shown she has a private right of action under the Dodd-Frank Act, this Court recommends dismissal of Plaintiff's claim. *See id.* (dismissal of anti-predatory lending violation claim when Plaintiff provided no factual allegations in support of her legal conclusion and made no argument showing she had a private right of action under the Dodd-Frank Act).

Further, dismissal is proper "if there is either (1) the lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Danos v. Louisiana Farm Bureau Cas. Ins. Co.,* No. CIV. A. 02-3031, 2003 WL 715753, at \*2 (E.D. La. Feb. 24, 2003) (citations omitted). Plaintiff lists "Anti-Predatory Lending Violations" as a federal claim that is at issue in this case but fails to plead or reference predatory lending or any related facts anywhere else in her Complaint. (R. Doc. 1). As Plaintiff's claim lacks sufficient supporting facts, Plaintiff's anti-predatory lending violations claim may be dismissed. *Id.* (R. Doc. 1).

### iii.     Good Faith Guideline Violations

Plaintiff's "Good Faith Guideline Violations" claim fails for reasons similar to Plaintiff's anti-predatory lending claim. (R. Doc. 1 at 3). Plaintiff lists "Good Faith Guideline Violations" as a federal claim that is at issue, but Plaintiff fails to reference good faith anywhere else in the Complaint. (R. Doc. 1). Plaintiff also fails to explain under what law the claim is being made. (R. Doc. 1). Consequently, Plaintiff's good faith guideline violations claim may be dismissed. *Id.*

### iv.     Leave to Amend

Considering the pro se status of Plaintiff and the pleadings deficiencies referenced above, Plaintiff will be given one opportunity to amend her pleading. With respect to the 1) breach of contract claim, (2) anti-predatory lending violations claim, and (3) good faith guideline violations claim, plaintiff must allege any particular terms of the contract that were breached, as well as allege specific actions, when they occurred, by whom they were taken, how those actions meet the elements of the individual cause(s) of action alleged, and how Plaintiff was harmed. Where applicable, plaintiff shall also identify the specific law that she claims any individual defendant violated.

### C.     The Unjust Enrichment Claim Is Not Viable

"[U]njust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided." *Bd. of Supervisors of La. State Univ. v. La. Agricultural Finance Authority*, 2007 CA 0107 (La. App. 1 Cir. 02/08/08); 984 So. 2d 72, 81 (citations omitted). Thus, Louisiana law bars claims for unjust enrichment when they are based on a relationship controlled by an enforceable contract. *See Edwards v. Conforto,* 636 So. 2d 901, 907 (La. 1993), *on reh'g* (May 23, 1994) ("Unjust enrichment is without application in this case because [of] the contractual agreement between the parties."); *see also Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 648 (E.D. La. 2019) (dismissed unjust enrichment claim since parties had valid mortgage). Louisiana law also bars unjust enrichment claims from being brought alongside other equally applicable claims, especially breach of contract claims. *See Aguiluz v. Citibank*, NA, No. 18-5126, 2018 WL 5773302, at *6 (E.D. La. Nov. 2, 2018) (granting judgment on pleadings on unjust enrichment claim since claims arose under promissory note and mortgage and borrower alleged breach of contract claim); *see also Garber v. Badon & Ranier*, 07-1497 (La. App. 3 Cir. 03/02/08); 981 So. 2d 92, 100 ("[I]t is not the success . . . of other causes of action, but rather the

6

*existence* of other causes of action, that determine whether unjust enrichment can be applied.").

In this case, Plaintiff's unjust enrichment claims are barred because (i) two enforceable contracts

apply, namely the Note and the Mortgage, and (ii) Plaintiff has brought a breach of contract

claim against Defendants. *Id.* (R. Docs. 1; 1-6). Consequently, Plaintiff's unjust enrichment

claims may be dismissed with prejudice.

      **D.**      **The UCC Violation Claims Are Not Viable**

      A number of Plaintiff's UCC claims are made pursuant to U.C.C. § 2-313 and U.C.C. §

9. (R. Doc. 1). Plaintiff's U.C.C. § 2-313 claim may be dismissed as the loan transaction at issue

was not for the sales of goods. In addition, the defendants in this matter are not alleged to have

been the "seller" in any transaction. (R. Doc. 1). As for Plaintiff's U.C.C. § 9 claim, she alleges

that there is no "current valid active record of any non UCC central filing[.]" (R. Doc. 1 at 12).

Plaintiff's own exhibits, however, confirm that on December 8, 2022, the cash sale and Mortgage

were recorded in the conveyance records of East Feliciana Parish, Louisiana. (R. Doc. 1-6 at 2,

5). The UCC claims should be dismissed with prejudice.

      **E.**      **Plaintiff has No Private Right of Action**

      In several instances, Plaintiff is attempting to assert claims under various theories or laws

that do not provide a private right of action.

      **i.**      **The FTC Act Unfair and Deceptive Practices Claims**

      Pursuant to the FTC Act, Plaintiff brings claims against Defendants based on their alleged

unfair and deceptive practices. (R. Doc. 1 at 15, 16). Plaintiff has no private right of action

regarding these claims, however, because the FTC Act gives only the Federal Trade Commission

enforcement authority regarding the FTC Act. *Johnson v. Courtesy Auto. Grp.,* No. CV 20-103-

SDD-SDJ, 2021 WL 1230490, at *4 (M.D. La. Mar. 8, 2021), *report and recommendation*

*adopted,* No. CV 20-103-SDD-SDJ, 2021 WL 1227869 (M.D. La. Mar. 31, 2021) ("[A]s Plaintiff

is a private citizen acting alone in this litigation who cannot bring a cause of action under the FTC Act, the Court finds that all allegations against Defendants of violations of the FTC Act should be dismissed with prejudice."); *see also Norris v. Fairbanks Capital Corp.,* 178 F. App'x 401, 403 (5th Cir. 2006) (property owner, asserting claims arising from sale of property, had no private right of action under the FTC Act); *see also Cranfill v. Scott & Fetzer Co.*, 752 F. Supp. 732, 734 (E.D. Tex. 1990) ( "well settled law" that no implied private right of action under the FTC Act exists). Consequently, Plaintiff's FTC Act claims may be dismissed with prejudice.

### ii.    The Holder in Due Course Rule Violation Claim

Plaintiff also asserts claims based on the "Holder in Due Course [Rule.]" (R. Doc. 1 at 6). As this is also only enforced by the Federal Trade Commission, Plaintiff's holder in due course claims may be dismissed with prejudice. *Midfirst Bank v. Craige*, No. CV 16-3941, 2017 WL 2311740, at *5 (E.D. La. May 26, 2017) (holder rule does "not provide a private cause of action"); *Lee v. Forest River, Inc.*, No. CV 17-2103, 2017 WL 4076028, at *4 (E.D. La. Sept. 14, 2017) ("[T]he Holder Rule does not provide a separate cause of action[.]").

### iii.    The 15 U.S.C. § 1611 Violation Claim

Plaintiff asks that Defendants be held liable under 15 U.S.C. § 1611. (R. Doc. 1 at 15). 15 U.S.C. § 1611, however, also provides no "private civil right of action." *James v. Ally Bank,* No. 4:21-CV-925-SDJ, 2023 WL 1093891, at *5 (E.D. Tex. Jan. 3, 2023), *report and recommendation adopted,* No. 4:21-CV-925-SDJ, 2023 WL 1081270 (E.D. Tex. Jan. 27, 2023) (criminal liability claims dismissed since 15 U.S.C. § 1611 criminal penalties for TILA violations do not provide private civil rights of action); *see also Wilder v. Ogden Ragland Mortg.*, No. 15-4013, 2017 WL 1053922, at *3 (N.D. Tex. Feb. 16, 2017) (15 U.S.C. § 1611 does "not provide for a private cause of action" and claim dismissed with no leave to amend). Accordingly,

Plaintiff's 15 U.S.C. § 1611 liability claim may be dismissed with prejudice from this civil lawsuit.

### iv.    The FCRA Violation Claims and Defamation Claims

Citing 15 U.S.C. § 1681s-2(a), Plaintiff seeks to bring a claim under the FCRA. (R. Doc. 1 at 15). Yet, no private right of action exists under this statute because only state or federal officials may pursue claims under 15 U.S.C. § 1681s-2(a). 15 U.S.C. § 1681s-2(c); *Beard v. Experian Info. Sols., Inc.,* No. CV 23-1306, 2023 WL 8827762, at *4 (E.D. La. Dec. 21, 2023) (citations omitted) ("[D]istrict courts in the Fifth Circuit have generally held that a private right of action does not exist under this subsection."); *Wagner v. BellSouth Telecommunications Inc.,* No. CIV. A. 07-604-C, 2008 WL 348784, at *3 (M.D. La. Feb. 7, 2008) ("Because the plaintiff is a private party, no relief is available to her under [15 U.S.C. § 1681s[-2(a)]."). Accordingly, Plaintiff's 15 U.S.C. § 1681s-2(a) claim[7] may be dismissed with prejudice, along with Plaintiff's FCRA willful noncompliance violation claim and Plaintiff's defamation claim.[8]

### F.    The Remainder of Plaintiff's Claims Are Time-Barred

### i.    The TILA Violations Claims

Plaintiff's TILA notice and nondisclosure claims are time-barred. 15 U.S.C. § 1640(e). (R. Doc. 1). If a listed exception fails to apply, as is the case here, actions brought under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640. "The violation 'occurs' when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Moor v. Travelers Ins. Co.,* 784 F. 2d 632, 633 (5th Cir.

---

[7] This Court notes that while a plaintiff may bring a private right of action under 15 U.S.C. § 1681s-2(b), Plaintiff has neither alleged facts relevant to 15 U.S.C. § 1681s-2(b) nor cited to 15 U.S.C. § 1681s-2(b).

[8] Plaintiff's 15 U.S.C. § 1681(n) willful noncompliance violation claim is founded on her 15 U.S.C. § 1681s-2(a) claim, and Plaintiff's defamation claim is preempted by the FCRA. *Young v. Equifax Credit Info. Servs. Inc.*, 294 F. 3d 631, 638 (5th Cir. 2002) (citing 15 U.S.C. § 1681h(e)) ("The FCRA preempts state law defamation . . . claims unless the plaintiff consumer proves 'malice or willful intent to injure' him [or her].").

1986) (citation omitted). In this case, Plaintiff alleges the violation occurred on December 7, 2022, making December 7, 2023 the last date on which Plaintiff could have brought her TILA claims. (R. Doc. 1). As Plaintiff did not file suit until February 20, 2024, the TILA claims are untimely. Thus, Plaintiff's TILA claims may be dismissed with prejudice.

### ii.   The FDCPA Violations Claim

Plaintiff's FDCPA claim should have been brought "within one year from the date on which the [alleged] violation occur[ed]." 15 U.S.C. § 16925k(d). This period began to run on the date of the alleged violation, December 7, 2022. *Willis v. Portfolio Recovery Associates, LLC*, 803 F. App'x 761, 764 (5th Cir. 2020) (citing *Rotkiske v. Klemm,* 140 S. Ct. 355, 360, 205 L. Ed. 2d 291 (2019)) ("Absent the application of the equitable doctrine, the statute of limitations begins to run on the date which the alleged FDCPA violation occurs, not the date the violation is discovered.") (cleaned up). Plaintiff filed suit on February 20, 2024, over a year after the alleged violation. (R. Doc. 1). As Plaintiff's FDCPA claims were not timely raised, Plaintiff's FDCPA claims may be dismissed with prejudice. *Wagner v. BellSouth Telecomms., Inc*., No. 07-604, 2008 WL 348784, at *1-2 (M.D. La. Feb. 7, 2008) (dismissed *pro se* time-barred FDCPA claim).

### iii.   The LUTPA Violations Claim

Plaintiff's LUTPA claim also must be brought within a year of the alleged violation. *See* La. R.S. 51:1409(E) ("prescribed by one year running from the time of the transaction or act which gave rise to this right of action"); *see also Tessier v. Moffatt*, 93 F. Supp. 2d. 729, 737 (E.D. La. 1998) (LUTPA claims dismissed when violations occurred more than a year ago); *see also Safford v. PaineWebber, Inc.*, 730 F. Supp. 15, 19 (E.D. La. 1990) ("[As] the alleged unfair trade practices occurred more than one year before plaintiff filed this suit, his . . . claims are

perempted."). As Plaintiff's lawsuit was filed more than one year after the alleged December 7, 2022 violation, Plaintiff's LUTPA claim may be dismissed with prejudice. (R. Doc. 1).

### iv.    The Fraud, Negligent Misrepresentation, and Conversion Claims

Plaintiff's fraud, negligent misrepresentation claims, and conversion claims are likewise time-barred. La. Civ. Code art. 3492;[9] *Cerullo v. Heisser*, 213 So. 3d 1232, 1237 (La. Ct. App. 2017) (fraud claims have one-year statute of limitations); *Titus v. Wilson*, 186 So. 3d 255, 259 (La. Ct. App. 2016) (negligence actions have one-year statute of limitations); *Johnson v. Hardy*, 756 So. 2d 328, 333 (La. App. 1st Cir. 1999) (statute of limitations for conversion one year from when "plaintiff is or should be on notice of" conversion); *South Louisiana Ethanol, LLC v. Messer, et al*., 2012 WL 113817, *3 (Bankr. E.D. La. 2012) (same). Because Plaintiff should have been aware of the issues founding these claims when she executed the Note and Mortgage on December 7, 2022, her claims prescribed on December 7, 2023. As a result, Plaintiff's fraud, negligent misrepresentation, and conversion claims may be dismissed with prejudice.

### G.    The Motion for Lack of Subject Matter Jurisdiction is Not Being Considered

Most of Plaintiff's claims may be dismissed with prejudice due to a lack of viability, an applicable statute of limitations, or the fact that Plaintiff has no private right of action. The only arguable exceptions to this are Plaintiff's 1) breach of contract claim, (2) good faith guideline violations claim, and (3) anti-predatory lending violations claim. As explained above, Plaintiff appears to be bringing its anti-predatory lending violation claim under the federal Title XIV of the Dodd-Frank Act. As this Court has not dismissed all of Plaintiff's federal claims with prejudice (and the undersigned does not recommend it at this time), this Court will not consider

---

[9] La. Civ. Code art. 3492, applicable to this case, has been repealed in its entirety. TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Effective July 1, 2024, La. Civ. Code art. 3492 will be replaced by the newly drafted La. Civ. Code. arts. 3493.11 and 3493.12. *Id.* These new articles "shall be given prospective application only[.]" *Id.*

RAC's Rule 12(b)(1) Motion for Lack of Subject Matter Jurisdiction. Should Plaintiff file an Amended Complaint, RAC may re-urge that request in any refiled motion challenging that amended pleading.

## III. Conclusion

For the foregoing reasons, the undersigned makes the following recommendations to the district judge:

**IT IS RECOMMENDED** that Village Capital Investment LLC's Rule 12(b)(6) Motion to Dismiss (R. Doc. 17) and Residential Acceptance Corporation's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Rule 12(b)(1) Motion for Lack of Subject Matter Jurisdiction (R. Doc. 18) be **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER RECOMMENDED** that all of Plaintiff's claims be **DISMISSED WITH PREJUDICE**, except for her (1) breach of contract claim, (2) good faith guideline violations claim, and (3) anti-predatory lending violations claims, which should be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be allowed to file, within twenty-one (21) days of the district judge's order on this Report and Recommendation, an amended complaint, **addressing the deficiencies noted above** pertaining to **ONLY** (1) breach of contract, (2) good faith guideline violations, and (3) anti-predatory lending violations claims**.**

**IT IS FURTHER RECOMMENDED** that should Plaintiff fail to file an amended complaint within twenty-one (21) days, her entire case should be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on July 16, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**