UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONNA COLLINS                                             CIVIL ACTION

VERSUS

RESIDENTIAL ACCEPTANCE                                    NO. 24-00134-BAJ-RLB
CORPORATION, ET AL.

### RULING AND ORDER

This is a dispute arising from a residential mortgage contract. On February 20, 2024, Plaintiff Donna Collins filed a *pro se* complaint against Defendant Residential Acceptance Corporation ("RAC") and Defendant Village Capital & Investment, LLC ("Village Capital") for numerous alleged violations of state and federal law, all in connection with a mortgage signed on December 7, 2022 (the "Mortgage"). (Doc. 1, the "Initial Complaint").

Following the filing of her Initial Complaint on July 17, 2024, Defendants RAC and Village Capital filed separate Rule 12(b)(6) Motions to Dismiss. (Doc. 17; Doc. 18). The motions went unopposed. The Magistrate Judge then issued a Report and Recommendation (the "First Report") recommending that Plaintiff's (1) breach of contract claim, (2) good faith guideline violations claim, and (3) anti-predatory lending violations claims be dismissed without prejudice. (Doc. 23).[1] On September 18, 2024, the Court adopted the Magistrate Judge's First Report, including the recommendation that Plaintiff be given 21 days to file an amended complaint

---

[1] All other claims brought by Plaintiff in her Initial Complaint were dismissed with prejudice.

addressing the deficiencies noted in the First Report. (Doc. 34). On October 8, 2024, Plaintiff filed an Amended Complaint (Doc. 36).

## I. BACKGROUND

Following the filing of her Amended Complaint, RAC filed its **Rule 12(b)(6) And Rule 12(b)(1) Motion To Dismiss For Failure To State A Claim And Lack Of Subject Matter Jurisdiction** and Village Capital filed its **Rule 12(b)(6) Motion To Dismiss (Docs. 37, 40, collectively the "Motions").** The Motions are unopposed.[2]

On February 10, 2025, the Magistrate Judge issued a **Report And Recommendation (Doc. 48, the "Report")**, recommending that the Motions be granted and that Plaintiff's remaining claims against Defendants be dismissed with prejudice. (Doc. 48 at 8). Plaintiff filed a timely Objection to the Report. (Doc. 49, the "Objection"). RAC filed a timely Reply to Plaintiff's Objection. (Doc. 50). For the written reasons below, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

## II. DISCUSSION

In her Objection, Plaintiff raises five substantive objections to the Report. (*See* Doc. 49). She argues that (1) dismissal with prejudice without allowing her leave to amend is inconsistent with the First Report, (2) she has properly stated a claim under anti-predatory lending laws, (3) she has properly stated a valid claim for

---

[2] Though Plaintiff did not file oppositions to Defendants' Motions, she addressed their arguments in her Objection to the Magistrate Judge's Report and Recommendation. (*See* Doc. 49).

2

violations of good faith guidelines, (4) she has properly stated a valid breach of contract claim, and finally (5) that she has stated claims that warrant discovery. (*See* Doc. 49). The Court will address each of Plaintiff's objections below.

### a. The Report's recommendation for dismissal with prejudice without providing Plaintiff an opportunity to amend, for a second time, does not preclude dismissal of her case.

In her first objection, Plaintiff claims that the Court must construe her Amended Complaint in her favor under the Rule 12(b)(6) Motion to Dismiss standard. (Doc. 49 at 2). Further, Plaintiff argues that a dismissal with prejudice at this stage would be inconsistent with the First Report's findings, and that the amendments made to her Initial Complaint should preclude dismissal. (*Id.* at 2). While Plaintiff is correct that the Court must construe all facts in her favor under a 12(b)(6) Motion, it is clear that the Report has already construed the facts in her favor and that any further amendments would likely be futile. (*See* Doc. 48 at 3–4).[3] Additionally, the findings of the First Report are not inconsistent with the findings of the second Report—both reports conclude that Plaintiff failed to support the claims made in her Initial Complaint, and Amended Complaint, respectively. (*See* Docs. 23, 48).

Following the First Report, Plaintiff was *already* granted the opportunity to amend her Initial Complaint. (*See* Doc. 23). Following her amendment, however, Plaintiff has still failed to state any cognizable claims upon which the Court could grant her requested relief. (*See* Doc. 36). The Magistrate Judge already provided an

---

[3] The Report meticulously addresses each of the facts alleged in support of Plaintiff's Amended Complaint, concluding that her allegations of fact are simply insufficient to support her claims. (See Doc. 48 at 3–4).

3

in-depth analysis of the various ways in which the allegations in Plaintiff's Amended Complaint fail to state a claim, and so the Court will not do so here. (*See* Doc. 48 at 3–4).

The fact that Plaintiff was already provided an opportunity to amend weighs against granting her an additional opportunity because, after having been provided two attempts to support her claims, she has failed to do so. Any motion to amend, when futile, is not required to be granted and is permitted at the discretion of the Court. *Hernandez v. W. Texas Treasures Estate Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023). (Doc. 43). Plaintiff will therefore not be granted an additional opportunity to amend.

### b. Plaintiff has failed to state a claim under which relief can be granted as to her predatory lending claim.

In her second objection, Plaintiff argues that her predatory lending claims do not solely rely on the Dodd-Frank Act and that, instead, she relies on "federal lending regulations and state consumer protection laws." (Doc. 49 at 2).[4] Despite asserting, for the first time, additional state and federal law violations, Plaintiff fails to identify any laws that Defendants have violated. She has additionally failed to cite to any facts in her Amended Complaint that support this claim. It is well-settled precedent within the U.S. Court of Appeals for the Fifth Circuit that "[n]ew claims and issues may not . . . be raised for the first time in objections to a Report and Recommendation." *Sivertson v. Citibank, N.A.*, 390 F. Supp. 3d 769, 780 (E.D. Tex.

---

[4] Plaintiff raised this objection in connection with the Report's conclusion that the Dodd-Frank Act does not provide for private rights of action. (Doc. 48 at 7).

4

2019) (internal citations omitted).

The Court therefore agrees with the Report's finding that Plaintiff has failed to state a claim as to her predatory lending allegations.

### c. Plaintiff has failed to state a claim as to her good faith violation claim.

In her next objection, Plaintiff similarly argues that her claim for "good faith violation guidelines" was "grounded in contract law and consumer protection regulations," thus making dismissal of that claim improper. (Doc. 49 at 3). Plaintiff, again, fails to cite to any statute in support of her good faith violation claim. She further attempts to rehash an argument as to the assignment of her mortgage, an argument that was adequately addressed in the Report. (*See* Doc. 48 at 7).

Therefore, due to Plaintiff's failure to direct the Court to any support for her assertion of good faith violations perpetuated by Defendants, the Court affirms the Report's finding that she has failed to state a claim as to such allegation.

### d. Plaintiff has failed to state a claim as to her breach of contract claim.

Next, Plaintiff argues that she stated a proper breach of contract claim because, under Louisiana Law, a contract "can be breached through conduct that violated its intended purpose, implied obligations, or statutory requirements." (Doc. 49 at 3). Plaintiff further argues that courts recognize fraudulent mortgage assignments and deceptive loan servicing as actionable breaches. (*Id.* at 3). She is correct. However, while Plaintiff accurately states that courts do in fact recognize fraudulent assignments and deceptive loan practices as actionable breaches, she has

5

failed to explain how her mortgage assignment was fraudulent or deceptive. The Report has sufficiently addressed this allegation, and the Court need not reexamine her claims here. *(See* Doc. 48 at 7–8).

It is well settled in Louisiana law that "a plaintiff must allege a breach of a specific provision of the contract" when pleading a breach of contract claim. *Barbe v. Ocwen Loan Servicing, LLC, et al.*, 383 F. Supp. 3d 634, 643 (E.D. La. 2019) (internal quotations and citations omitted). Here, she has failed to do so. The Court will accept the Report's recommendation that her breach of contract claim be dismissed with prejudice.

### e. Allowing this case to proceed to discovery is futile

Finally, in her last objection, Plaintiff argues that she has pleaded sufficient facts to warrant discovery and that a motion for summary judgment, not a motion to dismiss, is the proper mechanism to challenge her factual allegations. (Doc. 49 at 4). She further argues that "dismissing this case prematurely would deny [her of] her legal rights." (*Id.* at 4). The Court disagrees. Plaintiff has failed to assert allegations that could reasonably be fleshed out through discovery. Thus, dismissal at this stage is not premature. Accordingly, the Court concludes that her request to proceed to discovery will be futile.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Residential Acceptance Corporation's **Rule 12(b)(6) And Rule 12(b)(1) Motion To Dismiss For Failure To State A Claim And Lack Of Subject Matter Jurisdiction (Doc. 37)** and Defendant Village Capital & Investment, LLC's **Rule 12(b)(6) Motion To Dismiss (Doc. 40)** be and are hereby **GRANTED.**

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 29th day of August, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**